IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA

CASE NO. 6:23-CV-00189-WWB-LHP

**LESLIE FERDERIGOS**,

Plaintiff,


v.

**THE FLORIDA BAR and**

**FLORIDA SUPREME COURT**,

Defendants.

## ANSWER IN COMPLIANCE WITH ORDER TO SHOW CAUSE


COMES NOW, Leslie Ferderigos, Pro Se Plaintiff, files this Answer in Compliance with Order to Show Cause, as follows:

## I.   PROCEDURAL HISTORY

1. On (02/10/2023), the Plaintiff filed their 2nd Amended Verified Complaint for Declaratory Relief and Injunctive Relief, claiming violations of the Americans with Disability Act (ADA), Florida Civil Rights Act of 1992, Fla. Stat. Ann § 760.01, Federal Declaratory Judgment Act, violations of the 14th and 5th Amendments of the U.S. Constitution.

2. The Plaintiff makes specific claims that the Florida Bar Disciplinary Process is unconstitutional by not affording an accused

1

attorney of an *impartial tribunal* because it allows local working attorneys to decide whether or not a competing local attorney can practice law in the same market. [It is important to note, Florida is one of the very few states who refused to take the American Bar Associations ABA recommendation in their McKay Report to have a separate disciplinary committee made up of retired attorneys to determine whether an attorney has violated ethical rules and is allowed to practice law]

3. The Plaintiff alleges voluminous facts that deprived her of constitutional protections during the disciplinary process, ultimately leading to the Plaintiff seeking permanent retirement.

4. On (2/07/2023), Plaintiff filed a Petition to Amend Chapter 3 Rules of Discipline to Institute ABA Recommendations cited in the Mckay Report. However on (04/17/2023), the Florida Supreme Court denied this petition with no explanation.

5. On (4/17/2023), the Florida Supreme Court approved the Plaintiff's petition for retirement. Under Rule 1-3.7, Lawyer's under a regular retirement may petition for reinstatement of membership.

However, Plaintiff cannot due to the nature of her permanent retirement.

6. Members of the local bar committee in charge of the Plaintiff's disciplinary issues, gave the Plaintiff no choice, but to permanently retire, or endure the very process that the Plaintiff alleges is unconstitutional and risk fact-finding controlled by this unconstitutional process that could be detrimental to the Plaintiff's reputation and future ability to earn a living to support her family.

7. This has allowed the Defendants' process to coerce accused attorneys into voluntarily not practicing law. Thus, allowing large firms to monopolize Florida's legal market.

8. On (5/09/2023), this Court filed an Order to Show Cause why the Plaintiff's case should not be rendered moot, relying on Nat'l Advert. Co. v.City of Miami, 402 F.3d 1329, 1332 (11th Cir. 2005).

## II.    ARGUMENT

A. **Unlike Nat'l Advert. Co. v City of Miami, Defendants Took No Measures to Address or Amend Any Unconstitutional Provisions Within Their Disciplinary Process**

This court relies on and cites, *Nat'l Advert. Co. v.City of Miami*, in its' Order to Show Cause filed on (5/9/23), why the instant case should not be rendered moot. However, *Nat'l Advert. Co. v.City of Miami*, is highly

3

distinguishable because the Federal Court's finding for mootness, is premised on the defendant's action of amending the unconstitutional provisions of their city ordinance. Nat'l Advert. Co. v.City of Miami, 402 F.3d 1329, 1332 (11th Cir. 2005) and all cases cited within this case, make findings for mootness based on a party amending unconstitutional provisions.[1]

In the instant case, Defendants have made no effort to amend any of Plaintiff's alleged constitutional provisions. Furthermore, the Plaintiff has exhausted all measures for remedies within the state court when the Plaintiff filed a Petition with the Florida Supreme Court Case No. SC23-189 to Amend their disciplinary provisions to comport with the recommendations of the American Bar Associations' McKay Report, which was denied. Thus, the state court has been given all opportunities

---

[1] *See, e.g., Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 474, 110 S.Ct. 1249, 1252, 108 L.Ed.2d 400 (1990) (holding that a Commerce Clause-based challenge to Florida banking statutes was rendered moot by amendments to the law); *Massachusetts v. Oakes,* 491 U.S. 576, 582-83, 109 S.Ct. 2633, 2637-38, 105 L.Ed.2d 493 (1989) (holding that an overbreadth challenge to a child pornography law was rendered moot by amendment to the statute); *Princeton Univ. v. Schmid,* 455 U.S. 100, 103, 102 S.Ct. 867, 869, 70 L.Ed.2d 855 (1982) ( *per curiam*) (holding that the challenge to a university regulation was moot because the regulation had been substantially amended); *Kremens v. Bartley,* 431 U.S. 119, 128-29, 97 S.Ct. 1709, 1715, 52 L.Ed.2d 184 (1977) (holding moot a constitutional challenge to a state statute governing the involuntary commitment of mentally ill minors, because the law had been replaced with a different statute); *Diffenderfer v. Cent. Baptist Church,* 404 U.S. 412, 415, 92 S.Ct. 574, 576, 30 L.Ed.2d 567 (1972) (holding moot a challenge to a Florida tax exemption for church property when the law had been repealed).

to amend unconstitutional provisions within their attorney disciplinary process, leaving the Federal Court as the only appropriate court able to address these issues of constitutionality. If the Florida Supreme Court had amended unconstitutional portions of their disciplinary process or enacted superceding provisions, that addressed the unconstitutionality of their disciplinary process *Nat'l Advert. Co. v.City of Miami* would be appropriate case law to rely on in this court's order to show cause for the instant case.

### B. <u>The Plaintiff's Case Falls Under an Exception to Case and Controversy Limitation on Federal Court's Jurisdiction</u>

A Federal Court lacks jurisdiction to hear and decide cases where changes in the law have rendered a case moot. However, it does not render a case moot where no changes in law have been made. Ultimately, leading the Plaintiff to retire from law to avoid an unconstitutional process that still stands today. Thus, the instant case should not be rendered moot despite the Plaintiff's status as a retired attorney.

It has been long recognized that the Constitution limits the jurisdiction of federal courts. The United States Constitution, Article III, Section 2, provides that the judicial power of the United States federal courts shall extend only to "cases" and "controversies." *Coral Springs,* <u>371</u>

5

F.3d at 1327 (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992)). Thus, it is strictly observed that the Federal Court is limited to cases or controversies *Allen v. Wright,* 468 U.S. 737, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). As cited in *Nat'l Advert. Co. v.City of Miami,* a lawsuit is mooted by subsequent developments, any decision a federal court might render on the merits of a case would constitute an advisory opinion. *See id.; Al Najjar v. Ashcroft,* 273 F.3d 1330, 1336 (11th Cir. 2001); *Socialist Workers Party,* 145 F.3d at 1244. A change in the law, such as amending a zoning ordinance in *Nat'l Advert. Co. v.City of Miami* , or a change in other circumstances can give rise to mootness. It has been held that "[w]hen a subsequent law brings the existing controversy to an end the case becomes moot and should be treated accordingly." *Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta,* 219 F.3d 1301, 1310 (11th Cir. 2000). In other words, federal courts lack jurisdiction to hear and decide cases where changes in the law have rendered the case moot. However, in the instant case, there have been absolutely no actions taken by the Defendants to amend any provisions alleged to be unconstitutional by the Plaintiff.

"It has long been the rule that `voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot.'" *Sec'y of Labor v. Burger King Corp.,* 955 F.2d 681, 684 (11th Cir. 1992) (quoting *United States v. W.T. Grant Co.,* 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953)).For a defendant's voluntary cessation to moot any legal questions presented and deprive the court of jurisdiction, it must be "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (internal quotation marks and citations omitted). In other words, voluntary cessation of offensive conduct will only moot litigation if it is clear that the defendant has not changed course simply to deprive the court of jurisdiction. However, it is clear by the allegation presented in the instant case, that Plaintiff was given no other choice, but to retire or risk inaccurate fact-finding because the disciplinary *process* itself, is unconstitutional. Thus, engaging in any proceeding within the disciplinary process denies the Plaintiff of constitutional protections and opens the Plaintiff up to future damage of her reputation and livelihood.

The instant case is distinguishable from *Nat'l Advert. Co. v.City of Miami*, because the Defendants in the instant case did not take any

7

action to change the course, by making amendments to its' unconstitutional disciplinary process. Furthermore, it is certain that the Defendants will absolutely continue with implementing an unconstitutional disciplinary process, as they have made absolutely no changes to this process to address the Plaintiff's constitutional arguments.

In sum, when a court is presented with evidence of a "substantial likelihood" that the challenged statute will be reenacted, the litigation is not moot and the court should retain jurisdiction. *Coral Springs,* 371 F.3d at 1329. "Whether the repeal of a law will lead to a finding that the challenge to the law is moot depends *most significantly* on whether the court is sufficiently convinced that the repealed law will not be brought back." *Coral Springs,* 371 F.3d at 1331 (emphasis added). It therefore was held that the case is not moot, precisely because of the risk that the City might return to its previous course of conduct. *Fort Lauderdale,* 934 F.2d at 286. Thus, the instant case is not moot because the unconstitutional provisions continue to be relied on to the detriment of those attorneys practicing within the legal profession in the state of Florida.

8

WHEREFORE, the Plaintiff requests this Honorable Federal Court to not dismiss the instant case as moot and all other remedies necessary and just.

Respectfully submitted on May 23, 2023.

/s/Leslie Ferderigos

Pro Se Litigant

10454 Birch Tree Lane

Windermere, FL 34786

407-371-7855

leslieannferderigos@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on May 23, 2023, via the Court's CM/ECF system to counsel of record who have appeared in this case and Defendants.

/s/ Leslie Ferderigos

Plaintiff/Pro Se Litigant