UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LESLIE FERDERIGOS,

        Plaintiff,

v.                                                            Case No:   6:23-cv-189-WWB-LHP

THE FLORIDA BAR and FLORIDA
SUPREME COURT,

        Defendants

---

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause comes before the Court on motions to dismiss filed by Defendants The Florida Bar and Florida Supreme Court, Doc. Nos. 19, 28, and subsequent briefing by all parties on Order by the undersigned, Doc. Nos. 37, 40, 44–45. For the reasons discussed herein, and because the claims raised by Plaintiff's second amended complaint have been rendered moot by Plaintiff's permanent retirement from the practice of law in Florida, I will respectfully recommend that this matter be dismissed for lack of subject matter jurisdiction.

Plaintiff Leslie Ferderigos instituted this action on her own behalf by complaint filed on February 2, 2023.  Doc. No. 1.  The operative pleading is the

second amended complaint, filed on February 10, 2023. Doc. No. 10. At the time she filed each complaint, Plaintiff was an attorney admitted to practice law in Florida, and in the second amended complaint, she asserts several challenges related to disciplinary proceedings against her by The Florida Bar. Doc. Nos. 1, 7, 10. Specifically, Plaintiff seeks a finding that Chapter 3 of the Rules Regulating The Florida Bar, the Rules of Discipline, are unconstitutional (Count I); a declaration that the Chapter 3 Rules of Discipline are unconstitutional and a declaration and clarification regarding actions The Florida Bar can take in disciplinary proceedings (Count II); and injunctive relief regarding statements by The Florida Bar regarding and during the disciplinary proceedings (Counts III & IV). Doc. No. 10.[1]

Since the filing of the second amended complaint, Plaintiff has permanently retired from the practice of law in Florida, and the disciplinary proceedings against her have been dismissed as a result. *See The Florida Bar v. Ferderigos*, No. SC2022-1353 (Fla. Apr. 17, 2023); *The Florida Bar v. Ferderigos*, No. SC2022-1749 (Fla. Apr. 17, 2023). *See also* Doc. No. 34. Therefore, on May 9, 2023, the undersigned issued an Order to Show Cause directing Plaintiff to show cause why this matter should not

---

[1] Although Count III is labeled as arising under the Americans with Disabilities Act, and Count IV is labeled as pertaining to the Florida Civil Rights Act, the substance of these claims asks for injunctive and declaratory relief related to the disciplinary proceedings before The Florida Bar. Doc. No. 10, at 34–37.

be dismissed for lack of subject matter jurisdiction because it appears that the claims in the second amended complaint have been rendered moot. Doc. No. 37.

Plaintiff has timely responded. Doc. No. 40. In response, Plaintiff argues that the case is not moot because "Defendants have made no effort to amend any of Plaintiff's alleged constitutional provisions"; "it does not render a case moot where no changes in law have been made"; and "because the unconstitutional provisions continue to be relied on to the detriment of those attorneys practicing within the legal profession in the state of Florida." *Id.* Defendants have also filed responses, as directed, *see* Doc. No. 41, explaining why the case is moot, and reiterating arguments made by their motions to dismiss. Doc. Nos. 44–45.

Upon consideration, the undersigned will recommend that this matter be dismissed for lack of subject matter jurisdiction on mootness grounds, and that Plaintiff's arguments to the contrary be rejected. To the extent that Plaintiff has argued that the Chapter 3 Rules of Discipline are unconstitutional and seeks a declaration or injunctive relief regarding same, because she has permanently retired as a Florida attorney, those rules no longer apply to her, rendering her constitutional arguments moot. *See* Rule 1-3.5(d), Rules Regulating The Florida Bar ("A member who is approved to permanently retire is not eligible for reinstatement or readmission."). *See also Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1267 (11th Cir. 2020) ("[A] case must be dismissed as moot "[i]f events that

occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief." (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001))); *Carter v. Kemp*, No. 1:20-CV-1517-SCJ, 2021 WL 1244014, at *4 (N.D. Ga. Feb. 23, 2021) ("Because the conditions giving rise to Plaintiffs' Complaint no longer exist, to grant Plaintiffs the requested declaratory judgments, this Court would have to engage in a purely hypothetical or academic exercise. Article III plainly prohibits such impermissible advisory opinions." (citing *Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977))). And Defendants' failure to amend any alleged unconstitutional provisions during the pendency of this matter is of no moment, as that is not the basis of mootness. *Cf. DeFunis v. Odegaard*, 416 U.S. 312, 318 (1974) (finding case moot even where the law school did not amend any of the challenged polices because "mootness in the present case depends not at all upon a 'voluntary cessation' of the admissions practices that were the subject of this litigation. It depends, instead, upon the simple fact that DeFunis is now in the final quarter of the final year of his course of study, and the settled and unchallenged policy of the Law School to permit him to complete the term for which he is now enrolled.").[2]

---

[2] In response to the Order to Show Cause, Plaintiff spends much of her briefing distinguishing a case cited by the undersigned in the Order to Show Cause for the general proposition that a moot suit does not present an Article III case or controversy. Doc. No. 40, at 3–6, 7–8. *See* Doc. No. 37, at 2 (citing *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005) ("By its very nature, a moot suit cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it.")). The undersigned agrees that *National Advertising* is factually distinguishable from the case at

Finally, insofar as Plaintiff relies on the alleged detriment to other attorneys practicing law in Florida, Plaintiff has not established standing to raise such a claim. *See Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 166 (1972) ("Appellee has standing to seek redress for injuries done to him, but may not seek redress for injuries done to others."). *See also Green v. Volunteers of Am. of Fla., Inc.*, No. 8:14-cv-2248-T-27EAJ, 2014 WL 5591003, at *1 (M.D. Fla. Nov. 3, 2014) ("Plaintiff may not bring claims on behalf of other individuals unless he can establish he has standing to do so. Because Plaintiff is proceeding *pro se*, he cannot prosecute any claims in federal court on behalf of other persons.").

Accordingly, because the claims raised by the second amended complaint were rendered moot by Plaintiff's permanent retirement from the practice of law in Florida, this matter must be dismissed for lack of subject matter jurisdiction. *See generally Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005) ("By its very nature, a moot suit cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it." (citation and quotation

---

hand because that matter became moot upon amendment to a zoning ordinance. *Nat'l Advert. Co.*, 402 F.3d at 1332–33. But amending an allegedly unconstitutional provision is not the only basis for a finding of mootness. *See, e.g.*, *DeFunis*, 416 U.S. at 318. The undersigned further has no quarrel with Plaintiff's contention that voluntary cessation of allegedly illegal conduct does not always render a case moot. Doc. No. 40, at 7. *See Sec'y of Labor v. Burger King Corp.*, 955 F.2d 681, 684 (11th Cir. 1992). However, Defendants' cessation of any allegedly illegal conduct (or lack thereof) is not what is at issue, but rather, Plaintiffs' permanent retirement from the practice of law in Florida. *See* Doc. No. 34. *See also, e.g.*, *DeFunis*, 416 U.S. at 318.

marks omitted)). *See also Golden v. Zwickler*, 394 U.S. 103, 110 (1969) ("No federal court . . . has jurisdiction to pronounce any statute, either of a state or of the United States, void, because irreconcilable with the constitution, except as it is called upon to adjudge the legal rights of litigants in actual controversies." (citation and quotation marks omitted)).[3]

For the reasons stated herein, it is respectfully **RECOMMENDED** that the Court:

---

[3] "[M]ootness is jurisdictional. Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Al Najjar*, 273 F.3d at 1336. However, if this Court disagrees that the case is moot and proceeds to the merits, the undersigned notes that Defendants raise several other meritorious grounds for dismissal in their motions to dismiss and in their responses with regard to the Order to Show Cause. *See* Doc. Nos. 19, 28, 44–45. For example, if the Court finds that Plaintiff's state court bar disciplinary proceedings are ongoing, *Younger*-abstention principles would dictate that this Court abstain from interfering with those proceedings. *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982). Plaintiff's claims would also be barred by Eleventh Amendment immunity. *See Kaimowitz v. Fla. Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993); *Henry v. Fla. Bar*, 701 F. App'x 878, 880 (11th Cir. 2017). Plaintiff's claims would further be barred by judicial immunity. *See Kivisto v. Soifer*, No. 0:10-CV-61758-UU, 2011 WL 13186683, at *6 (S.D. Fla. Mar. 14, 2011), *aff'd*, 448 F. App'x 923 (11th Cir. 2011) ("In its performance of disciplinary functions, the Florida Bar acts as an agent of the Florida Supreme Court and enjoys absolute immunity from liability in connection with those functions. This immunity extends to all judicial acts, regardless of motivation or error." (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)). And to the extent that the Florida Supreme Court has rendered a final decision upon Plaintiff's permanent retirement, *Rooker-Feldman* precludes this Court's review of those final state court orders. *See Fox v. Florida*, 138 F. App'x 194, 196 (11th Cir. 2005). In sum, "United States District Courts cannot regulate the practice of law in Florida as [P]laintiff requests." *See Tindall v. The Fla. Bar*, No. 97-387-CIV-T-17C, 1997 WL 689636, at *6 (M.D. Fla. Oct. 14, 1997), *aff'd*, 163 F.3d 1358 (11th Cir. 1998). Accordingly, to the extent that the Court determines that this matter is not moot, the Court should grant Defendants' motions to dismiss (Doc. Nos. 19, 28), and dismiss the second amended complaint (Doc. No. 10) on these bases.

1. **GRANT in part** Defendants' requests for dismissal of this matter (*see* Doc. Nos. 19, 28, *see also* Doc. Nos. 44–45), and **DISMISS** the second amended complaint (Doc. No. 10) for lack of subject matter jurisdiction on mootness grounds.

2. **DENY as moot** all other pending matters; and thereafter

3. **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 9, 2023.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy