UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LESLIE FERDERIGOS,
     Plaintiff,

v.

                             CASE NO.: 6:23-cv-00189-WWB-LHP

THE FLORIDA BAR and,
FLORIDA SUPREME COURT,
     Defendants.

## 2ND MOTION TO DISQUALIFY MAGISTRATE LESLIE HOFFMAN PRICE

COMES NOW, the Plaintiff, Leslie Ferderigos, acting pro se, files this 2ND Motion to Disqualify Magistrate Leslie Hoffman Price, pursuant to 28 U.S. Code 455, as follows:

1. This is the 2nd Motion to Disqualify being filed subsequent to the 2nd Amended Motion to Disqualify. These are two separate stand-alone motions. However, the Plaintiff alleges specific demonstration of bias as evidenced in this motion, incorporating the arguments in her 2nd Motion to Disqualify, that explains the connection of the Magistrate with the Defendant(s)

2. On October 13, 2023, the Magistrate denies the Plaintiff's ability to reply to the Defendant(s) motion grounded on her failure to

comply with rules 3.01(g). **However, TFB literally used the exact wording as the Plaintiff to meet requirements 3.01(g), and the magistrate allowed TFB to meet the requirements. \*\*See Doc. 19 filed 03/06/2023.**

3. It is abundantly clear the magistrate's personal connection to the Defendant(s), is affecting her role to treat all parties impartially. There should be no double standards in law when someone in authority is presiding over a case. All parties should be treated equally. However, the magistrate using this technical argument to position the Defendant(s) superior to the Plaintiff, is exactly one of the reason the Plaintiff does not believe she will have a fair and impartial tribunal.

## ARGUMENT

**It is abundantly clear the magistrate's personal connection to the Defendant(s), is affecting her role to treat all parties impartially. There should be no double standards in law when someone in authority is presiding over a case**. All parties should be treated equally. However, the magistrate using this technical argument to position the Defendant(s) superior to the

Plaintiff, is exactly one of the reason the Plaintiff does not believe she will have a fair and impartial tribunal.

Litigants are entitled to impartial judges. Miller v. Sam Houston State Univ., 986 F.3d 880, 893 (5th Cir. 2021); In re Cullins, 481 P.3d 774, 789 (Kan. 2021); Hammons v. Hammons, 289 So. 3d 1214, 1221 (Miss. Ct. App. 2020); Casey v. Casey, 270 P.3d 109, 112 (Okla. 2011); Cook, 606 S.W.3d at 253; In re Marriage of Rounds, 423 P.3d 895, 900 (Wash. Ct. App. 2018). The requirement that judges perform their duties impartially is mandated by the Model Code of Judicial Conduct. MODEL CODE OF JUD. CONDUCT Canon 2 (AM. BAR ASS'N 2010). Canon 2 states that "[**a] judge shall perform the duties of judicial office impartially, competently, and diligently**." Id. Rule 2.11(A) provides that **"[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to**" the circumstances specified in the rule's six subparts. *Id.* r. 2.11(A) The specified circumstance relevant here resides in Rule 2.11(A)(1), which requires a judge's disqualification in a proceeding because of "personal bias or prejudice concerning a party or a party's lawyer." .

Id. r. 2.11(A)(1); see State v. Sawyer, 305 P.3d 608, 611 (Kan. 2013) ("Circumstances in which a judge's impartiality might reasonably be questioned cover, among others, those in which the judge has a personal bias or prejudice concerning a party or a party's lawyer.").

Under Rule 2.11(A), however, "a judge is disqualified whenever the judge's impartiality might reasonably be questioned, regardless of whether" any of the rule's specific provisions—including Rule 2.11(A)(1)—apply. MODEL CODE OF JUD. CONDUCT r. 2.11 cmt. 1 (AM. BAR ASS'N 2010); see also Advisory Op. No. 12, 2012 WL 3144430, at *1 (Advisory Comm. on Jud. Conduct of the D.C. Cts. 2012) ("A judge is disqualified whenever the judge's impartiality might reasonably be questioned, even if none of the specific rules in Rule 2.11(A) applies."). "Impartiality" for judicial ethics purposes describes the "absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintenance of an open mind in considering issues that may come before [the] judge." MODEL CODE OF JUD. CONDUCT Terminology (AM. BAR ASS'N 2010). A party may move to disqualify a judge based on the judge's alleged partiality, but such a motion is not a prerequisite to disqualification under Rule 2.11(A) Cook v. State, 606 S.W.3d 247,

254 (Tenn. 2020). **Judges must disqualify themselves whenever their impartiality might reasonably be questioned, regardless of whether a party moves for disqualification on that basis**.53

In this sense, Rule 2.11(A) is self-enforcing. In federal courts, judges' impartiality is assured through 28 U.S.C. § 455, which is modeled on Rule 2.11.55 Section 455(a) states: **"[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned**." 28 U.S.C. § 455(a) (2018). Then, § 455(b), similar to what Rule 2.11(A) does in its subparts, identifies specific grounds for judges' disqualification. Rule 2.11(A)(1)–(6) and § 455(b)(1)–(4) differ in that Rule 2.11(A) treats the specific grounds for disqualification as a non-exclusive list of scenarios in which a judge's impartiality might reasonably be questioned, while § 455(b) treats them as bases for disqualification separate from, and in addition to, disqualification based on a judge's questionable impartiality. GEYH, supra note 37, at 14. In most cases, this is "a distinction without a difference— disqualification is required if the specific or general provisions are triggered, regardless of whether the specific provisions are characterized as a subset of or separate from the general." *Id*. 58. 28

U.S.C. § 455(b)(1)–(4) (2018).  A federal judge may be disqualified for actual or perceived partiality under § 455(a) even if none of the specific grounds for disqualification listed in § 455(b) applies in the case. GEYH, supra note 37, at 14. Section 455(a), like Rule 2.11(A), is self-enforcing. Jenkins v. Anton, 922 F.3d 1257, 1271 (11th Cir. 2019) (quoting United States v. Kelly, 888 F.2d 732, 744 (11th Cir. 1989)); Davis v. Bd. of Sch. Comm'rs of Mobile Cnty., 517 F.2d 1044, 1051 (5th Cir. 1975).  A judge's decision whether to disqualify herself is generally entrusted to the judge's sound discretion in the first instance. Flores v. U.S. Dep't of Just., 391 F. Supp. 3d 353, 365 (S.D.N.Y. 2019) (quoting Lamborn v. Dittmer, 726 F. Supp. 510, 514 (S.D.N.Y. 1989)); Xyngular Corp. v. Schenkel, 160 F. Supp. 3d 1290, 1298 (D. Utah 2016); Chawla v. Appeals Ct., 120 N.E.3d 326, 328 (Mass. 2019); State v. Lierman, 940 N.W.2d 529, 544 (Neb. 2020); State v. McCabe, 987 A.2d 567, 573 (N.J. 2010)

The test for a judge's disqualification is whether "a reasonable person with knowledge and understanding of all the relevant facts would question the judge's impartiality."  The "reasonable person" described here is not a judge United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1999).,but rather an average citizen. Mathis v. Huff

& Puff Trucking, Inc., 787 F.3d 1297, 1310 (10th Cir. 2015).  A judge does not qualify as a reasonable person or objective observer for judicial disqualification purposes for the practical reason that judges' immersion in the process of "dispassionate decision making" and sensitivity to their duty to decide cases on the merits may cause them to consider bias or partiality allegations to be less credible or serious than a lay observer would. DeTemple, 162 F.3d at 287.

In the instant case, it is clear given the facts, that a reasonable person analyzing the facts and circumstances of this case, would believe the magistrate would be bias and partial, when her re-appointment as a Federal Magistrate is determined by reviewing the comments of the Defendant(s) and continuing to receive benefits from the Defendant(s) while serving as a magistrate in Federal Court. The magistrate's profession is greatly influenced by her support for the Defendants. And for the arguments cited in the Plaintiff's 3rd Amended Complaint, the Defendant(s) have developed a system that allows them to easily discriminate against unfavorable legal professionals, ultimately leading to a destruction of their career. Furthermore, remaining in this case, would be a violation of the magistrates Canons. Thus, the magistrate should grant this motion.

## LOCAL RULE 3.01(g) CERTIFICATION

I HEREBY CERTIFY that the undersigned has attempted to confer with the Defendant(s). The Defendant(s) are opposed to this motion. The Defendant(s) have indicated their opposition to the motion via email response to the Plaintiff.

/s/ Leslie Ferderigos

Plaintiff

## SWORN STATEMENT

I swear under the penalty of perjury the above facts are true and correct.

/s/Leslie Ferderigos
Leslie Ferderigos,10-13-2023

## CERTIFICATE OF SERVICE.

I hereby certify that on October 13, 2023 a copy hereof was mailed (or emailed with consent for that form of service) to Kevin Cox, Holland & Knight LLP 315 South Calhoun Street, Suite 600 Tallahassee, Florida 32301, Veronica Burianek, Assistant Attorney General, Civil Litigation Central, Office of the Attorney General, 3507 E. Frontage Road, Suite 150 I Tampa, FL 33607 and Erwin Rosenberg, 100 West Island Blvd. 1011, Aventura, Florida 33160.

Respectfully Submitted,

s// _____
Leslie Ferderigos
10454 Birch Tree Ln
Windermere, FL 34786-8013

Tel 407-919-3939
10454 Birch Tree Ln
Windermere, FL 34786-8013
leslieannferderigos@gmail.com