# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LESLIE FERDERIGOS,

        Plaintiff,

v.                                 Case No:   6:23-cv-189-WWB-LHP

THE FLORIDA BAR and FLORIDA
SUPREME COURT,

        Defendants

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **(2nd AMENDED) MOTION TO DISQUALIFY MAGISTRATE LESLIE HOFFMAN PRICE (Doc. No. 80)**
>
> **FILED:**     **September 27, 2023**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff, a former attorney appearing *pro se*, has filed the above-styled motion for recusal of the undersigned from this closed case, pursuant to 28 U.S.C. § 455. Doc. No. 80.   The bases for the motion include that The Florida Bar is a Defendant,

the undersigned is a member of The Florida Bar and therefore eligible to receive benefits and is required to pay annual dues, and as a United States Magistrate Judge, the undersigned's "ability to be considered for re-appointment is contingent on review of The Florida Bar's comments." *Id.* Defendant The Florida Bar has responded in opposition. Doc. No. 85. For the reasons argued in the response, the motion (Doc. No. 80) will be denied.

A federal judge must disqualify herself if her "impartiality might reasonably be questioned," or where a judge "has a personal bias or prejudice concerning a party," has participated as counsel in the matter, or has a financial interest in the matter. 28 U.S.C. § 455(a), (b). "The . . . purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988) (citations omitted). The standard for recusal under § 455(a) "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)). "[A]ny doubts must be resolved in favor of recusal." *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (quoting *Patti*, 337 F.3d at 1321). However, "there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for

him to do so when there is.   Indeed, a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation."   *Id.* (citations and quotation marks omitted).

As an initial matter, the undersigned questions whether Plaintiff's motion is timely.   "[A] motion to disqualify filed under § 455(b) must be filed within a reasonable time after the grounds for the motion are ascertained.   Certainly, where the facts are known before a legal proceeding is held, waiting to file such a motion until the court has ruled against a party is untimely."   *Summers v. Singletary*, 119 F.3d 917, 921 (11th Cir. 1997).   *See also United States v. Slay*, 714 F.2d 1093, 1094 (11th Cir. 1983) ("A motion to disqualify a magistrate under § 455(a) must be timely." (citations omitted)).   Here, the facts upon which Plaintiff bases her motion are well known and publicly available, but Plaintiff did not attempt to disqualify the undersigned until after her complaint was dismissed, and the case closed.   *See* Doc. Nos. 55, 59, 60, 80.   *See also* Doc. No. 46.

Even assuming that Plaintiff may properly seek recusal of the undersigned at this point, the above-styled motion provides no basis for the undersigned's recusal. Indeed, mere membership in a bar association that is a party to the case does not alone warrant recusal.   *See Parrish v. Bd. of Comm'rs of Ala. State Bar*, 524 F.2d 98, 104 (5th Cir. 1975) (mere membership in party-bar association "is not a ground for

disqualification"). [1]   *See also Thompson v. Fla. Bar*, No. 07-20866-CIV, 2007 WL 9702559, at *1 (S.D. Fla. May 25, 2007) ("Mere membership in a state bar association does not mandate recusal from a case involving that bar association.").

Moreover, the undersigned does not find recusal warranted based on Plaintiff's suggestion that the undersigned's "re-appointment is contingent on review of The Florida Bar's comments."   *See* Doc. No. 80, at 2.   Specifically, Plaintiff points to the Regulations of the Judicial Conference of the United States Establishing Standards and Procedures for the Appointment and Reappointment of United States Magistrate Judges,[2] which state, in pertinent part:

> Before the reappointment of a magistrate judge, the court shall establish a panel as prescribed in section 3.02, or section 5.01(a), as the case may be, of these regulations.   The panel shall review the incumbent's current service as magistrate judge and other experience, the comments from members of the bar and public, and other evidence of the incumbent's good character, ability, and commitment to equal justice under the law.   The panel shall report to the court within ninety days after its creation, unless otherwise directed by the court, whether the incumbent is recommended for reappointment.

---

[1] In *Bonner v. City of Prichard Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] *Available at* https://www.flmd.uscourts.gov/sites/flmd/files/documents/mdfl-regulations-judicial-conference-united-states-establishing-standards-procedures-appointment-reappointment-united-states-magistrate-judges.pdf

The undersigned fails to see how comments from *members* of The Florida Bar in any future reappointment process raise "a significant doubt about [the undersigned's] impartiality" in this case, *Patti*, 337 F.3d at 1321, and appears instead to be "highly tenuous speculation." *See In re Moody*, 755 F.3d at 895. *See also Infolink Commc'n Servs., Inc. v. Dillworth*, No. 11-21744-MC, 2011 WL 2580397, at *2 (S.D. Fla. June 28, 2011) ("[J]udges are presumed to be impartial and the movant bears the burden of demonstrating an objectively reasonable basis for questioning the judge's impartiality." (citation omitted)).

Finally, Plaintiff points to the undersigned's role as a guest speaker for The Florida Bar Trial Lawyer's Section and The Florida Bar publishing notice in 2019 of the undersigned being sworn in as a Magistrate Judge. Doc. No. 80, at 11–12. However, Plaintiff herself cites the Code of Conduct for United States Judges, which provides that "[a] judge may engage in extrajudicial activities, including law-related pursuits and civic, charitable, educational, religious, social, financial, fiduciary, and governmental activities, and may speak, write, lecture, and teach on both law-related and nonlegal subjects." Code of Conduct for United States Judges, Canon 4. Accordingly, the undersigned is not persuaded that her participation as a guest speaker warrants recusal. *See also, e.g.*, *Kinchen v. St. John's Univ.*, 830 F. App'x 691, 692 (2d Cir. 2020) (finding that allegations that "the judge had participated in a speaking engagement at [the defendant university] and

maintained professional relationships with . . . alumni . . . raise[d] no inference of bias" (citing *In re Aguinda*, 241 F.3d 194, 203 (2d Cir. 2001) (a judge's participation in  programs sponsored by bar associations or law schools does not require recusal))).   The undersigned finds equally unpersuasive Plaintiff's suggestion that recusal is warranted based on The Florida Bar 2019 publication, as Plaintiff has not demonstrated or cited any legal authority supporting a suggestion that "an objective, disinterested, lay observer fully informed of the facts . . . would entertain a significant doubt about the [undersigned's] impartiality" based upon same.   *See Patti*, 337 F.3d at 1321.[3]

The motion does not otherwise cite any persuasive legal or factual basis for the undersigned's recusal.   *See* Doc. No. 80.   Accordingly, the motion (Doc. No. 80) will be **DENIED**.   Plaintiff's motion for leave to file a reply (Doc. No. 88) is **DENIED AS MOOT**.

DONE and **ORDERED** in Orlando, Florida on October 16, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

---

[3] A copy of the article is available at https://www.floridabar.org/the-florida-bar-news/hoffman-sworn-in-as-a-u-s-magistrate-judge/.

Copies furnished to:

Counsel of Record
Unrepresented Parties