# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LESLIE FERDERIGOS,

        Plaintiff,

v.                                            Case No:   6:23-cv-189-WWB-LHP

THE FLORIDA BAR and FLORIDA
SUPREME COURT,

        Defendants

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    2ND MOTION TO DISQUALIFY MAGISTRATE LESLIE HOFFMAN PRICE (Doc. No. 89)
>
> **FILED:**      October 13, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff, a former attorney now appearing *pro se*, has filed the above-styled second motion to disqualify the undersigned from this closed case, pursuant to 28 U.S.C. § 455. Doc. No. 89. The undersigned denied Plaintiff's prior motion because Plaintiff did not provide a legal or factual basis for disqualification. Doc.

No. 91. In the second "stand-alone motion[]," Plaintiff argues that disqualification of the undersigned is warranted because the undersigned "denies the Plaintiff's ability to reply to the Defendant(s) motion grounded on her failure to comply with rules 3.01(g)," even though Defendant The Florida Bar "used the exact wording as the Plaintiff to meet requirements 3.01(g), and the [undersigned] allowed [The Florida Bar] to meet the requirements." Doc. No. 89, at 1–2 (citing Doc. No. 19).[1]

Upon review, and as The Florida Bar argues in response, *see* Doc. No. 92, Plaintiff is mistaken. On October 13, 2023, the undersigned denied Plaintiff's "(Amended) Motion for Leave to Reply Pursuant to Fed. Rule 3.01(d); Motion to Strike Defendant's Response" (Doc. No. 81), in part, for failure to comply with Local Rule 3.01(g)(3) because Plaintiff did not timely supplement the motion pursuant to that Rule. Doc. No. 87. Plaintiff points to a motion to dismiss filed by The Florida Bar to argue that the undersigned treated that motion differently. Doc. No. 89, at 1–2 (citing Doc. No. 19). However, The Florida Bar filed the motion to dismiss on March 6, 2023 (Doc. No. 19), and filed a Supplemental Local Rule 3.01(g) Certification on March 8, 2023 (Doc. No. 24). Therefore, The Florida Bar complied

---

[1] To the extent that the second "stand-alone motion" relies on the same grounds for the undersigned's disqualification as raised in the initial motion, *compare* Doc. No. 89, at 7, *with* Doc. No. 80, the motion will be denied for the same reasons previously set forth. *See* Doc. No. 91. Accordingly, this Order addresses Plaintiff's only "new" argument regarding Local Rule 3.01(g).

with Local Rule 3.01(g)(3) with regard to the motion to dismiss, and there was no basis to deny the motion pursuant to that Rule.

As this is the only new issue Plaintiff raises in her second motion to disqualify (Doc. No. 89), the undersigned again finds no basis for disqualification, and Plaintiff's second motion to disqualify will be **DENIED**.  *See In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) ("[T]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is.  Indeed, a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." (citations and internal quotation marks omitted)).

**DONE** and **ORDERED** in Orlando, Florida on November 27, 2023.

*(signature)*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties